**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| VARIDESK LLC, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. _____ |
| v. § | |
| § | COMPLAINT FOR PATENT AND |
| NINGBO LOCTEK VISUAL § | TRADEMARK INFRINGEMENT |
| TECHNOLOGY CORPORATION, § | |
| ZHEJIANG LOCTEK SMART § | **JURY TRIAL DEMANDED** |
| DRIVE TECHNOLOGY CO., LTD., § | |
| LOCTEK INC., ZOXOU, INC., § | |
| VOVOMART (HK) ENTERPRISES § | |
| CO., LIMITED, and FLEXISPOT, § | |
| § | |
| Defendants. § | |

Plaintiff Varidesk LLC ("Varidesk") files this complaint for patent and trademark infringement against Ningbo Loctek Visual Technology Corporation ("Ningbo Loctek"), Zhejiang Loctek Smart Drive Technology Co., Ltd. ("Zhejiang Loctek"), Loctek Inc. ("Loctek"), Zoxou, Inc. ("Zoxou"), Vovomart (HK) Enterprises Co., Limited ("Vovomart"), and Flexispot ("Flexispot") (collectively "Defendants"), alleging on its own knowledge and on information and belief as follows:

**PARTIES**

1. Varidesk is a Texas limited liability corporation having its headquarters at 1221 South Belt Line Road, #500, Coppell, Texas 75019. Varidesk is a pioneer and leader in the field of height-adjustable desk technology.

2. Upon information and belief, Ningbo Loctek Visual Technology Corporation is a company organized and existing under the laws of the People's Republic of China, with its

principal place of business at Science & Technology Zone, Jiangshan Town, Yinzhou District, Ningbo, China 315191.

3. Upon information and belief, Zhejiang Loctek Smart Drive Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China, with its principal place of business at Science & Technology Zone, Jiangshan Town, Yinzhou District, Ningbo, China 315191.

4. Upon information and belief, Loctek, Inc. is a company organized and existing under the laws of the State of California and having offices at 47618 Kato Road, Fremont, CA 94538 and 4290 Concorde Road, Memphis, TN 38118.

5. Upon information and belief, Zoxou, Inc. ("Zoxou") is a company organized and existing under the laws of the State of California and having its principal place of business at 47618 Kato Road, Fremont, CA 94538.

6. Upon information and belief, Flexispot is a company doing business in California, having offices at 4569 Las Positas Rd, Suite A, Livermore, California 94551 and offices at 4290 Concord Road, Memphis, TN 38118.

7. Upon information and belief, Vovomart (HK) Enterprises Co., Limited ("Vovomart") is a company organized and existing under the laws of Hong Kong, with its principal place of business at Flat/RM 7A 7/F Kimley Comm Bldg 142-146 Queen's Rd Central, HK.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1, *et seq.*

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Defendants are subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

11. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(b). Upon information and belief, Defendants have transacted business in this District and have committed acts of patent infringement in this District.

## VARIDESK'S PATENT

12. On January 31, 2017, United States Patent No. 9,554,644 ("the '644 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Adjustable Desk Platform." A copy of the '644 Patent is attached hereto as Exhibit 1.

13. Varidesk is the owner by assignment of the '644 Patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '644 Patent against infringers, and to collect damages for all relevant times.

## VARIDESK'S TRADEMARK

14. Varidesk owns the entire right, title, and interest valid and enforceable U.S. Trademark Registration No. 4,921,471 for "CubeCorner" as used with desk furniture, including adjustable height desks ("the Asserted Trademark"). A copy of the Registration, on the principal register, is attached as Exhibit 2.

## DEFENDANTS' INFRINGING PRODUCTS

15. Upon information and belief, Defendants are in the business of developing, manufacturing, and/or selling height-adjustable desk platforms and components thereof.

16. Upon information and belief, Defendants have made, used, imported, provided, supplied, distributed, sold, and/or offered for sale certain height-adjustable desks, including at least the following height-adjustable desk models: the LOCTEK DR1 DESK RISER, the FLEXISPOT DESKTOP WORKSTATION which includes the FLEXISPOT 41" CUBE CORNER (the "Infringing Products").

17. Upon information and belief, Zoxou is affiliated with or otherwise does business as, Loctek, Inc.

18. Upon information and belief, Zoxou imports for sales within the United States certain height-adjustable desk platforms and components thereof manufactured by one or more Defendants in China that infringe the Asserted Patents.

19. Upon information and belief, Zhejiang Loctek Smart Drive Technology Co., Ltd., Ningbo Loctek Visual Technology Corporation, Loctek, Inc., and/or Zoxou controls and directs, or does business as, Flexispot.

20. Upon information and belief, Flexispot is believed to be a U.S. distributor of Loctek height-adjustable desk platforms and components thereof.

21. Upon information and belief, Defendants are in the business of developing, manufacturing, importing, advertising, offering for sale and/or selling height-adjustable desk platforms and components thereof, including under the Flexispot brand, that infringe the '644 Patent and the Asserted Trademark.

22. Upon information and belief, Vovomart (HK) Enterprises Co., Limited imports into the United States, sells for importation, and/or sells within the United States after importation from China, if not elsewhere, including to Zoxou, certain height-adjustable desk platforms and components thereof that infringe the '644 Patent.

23. The Infringing Products practice each and every limitation of at least one claim of the '644 Patent.

24. Upon information and belief, Defendants are knowingly and willfully directly infringing the '644 Patent and the Asserted Trademark by offering to sell and selling the Infringing Products in the United States, including within this judicial district.

### COUNT I – PATENT INFRINGEMENT OF THE '644 PATENT

25. Varidesk restates and incorporates by reference the paragraphs above as if stated fully herein.

26. Upon information and belief, in violation of 35 U.S.C. § 271, Defendants have, literally and under the doctrine of equivalents, infringed the '644 Patent and still are, literally and under the doctrine of equivalents, infringing the '644 Patent, by, among other things, making, using, offering for sale, and/or selling the Infringing Products and will continue to do so unless such infringing activities are enjoined by this Court.  Non-limiting examples of such infringement are set forth below and in the claim chart attached as Exhibit 3.

27. Defendants had knowledge of the '644 Patent at least as of the date they were notified of the filing of this action.

28. Varidesk has suffered, and continues to suffer, damages and irreparable harm as a result of Defendants' past and ongoing infringement.

29. Unless Defendants' infringement is enjoined, Varidesk will continue to be damaged and irreparably harmed.

30. Varidesk meets the criteria for, and is entitled to, a permanent injunction.

31. Upon information and belief, Defendants' infringement of the '644 Patent has been willful and deliberate, making this an exceptional case and entitling Varidesk to recover enhanced damages and attorneys' fees pursuant to 35 U.S.C. §§ 284, 285.

## COUNT II FEDERAL TRADEMARK INFRINGEMENT

32. Varidesk restates and incorporates by reference the paragraphs above as if stated fully herein.

33. Defendants' use of the term "Cube Corner" on its website and elsewhere in connection with the sale, offering for sale, distribution, marketing and advertising of their height-adjustable desktop products in commerce is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Varidesk, or are associated, affiliated, or connected with Varidesk, or have the sponsorship, endorsement, or approval of Varidesk. *See* Exhibit 4.

34. Defendants' "Cube Corner" mark is nearly identical to Varidesk's Asserted Trademark, which is federally registered on the principal register, in violation of 15 U.S.C. § 1114. *See* Exhibit 2. Defendants do not own any rights to the Asserted Trademark or otherwise licensed or authorized to use the Asserted Trademark. Defendants are not affiliated with Varidesk in any way.

35. Defendants' height-adjustable desktop products compete directly with Varidesk's products. Among other factors creating a likelihood of confusion, Defendants' use the nearly identical "Cube Corner" mark in connection with sale of the same types of goods, through the

same channels of trade, the same channels of marketing and advertising, and to the same types of customers.

36. Defendants' confusing and deceptive activities are causing and will continue to cause irreparable harm and injury to Varidesk's goodwill and reputation for which Varidesk has no adequate remedy at law.

37. Defendants' actions in copying Varidesk's Asserted Trademark, in addition, to infringing Varidesk's Asserted Patent, demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with Varidesk's Asserted Trademark and products.

38. Varidesk is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

39. Defendants should be required to deliver up and destroy all infringing labels, signs, prints, packages, and advertisements in its possession bearing the infringing mark pursuant to 15 U.S.C. § 1118.

## JURY DEMAND

Varidesk hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Varidesk requests that the Court find in its favor and against Defendants and that the Court grant Varidesk the following relief:

a. Judgment be entered that Defendants have infringed one or more claims of the '644 Patent, literally and/or under the doctrine of equivalents;

b. Judgment be entered that Defendants' infringement of the '644 Patent was willful;

c. An accounting be had for the damages resulting from Defendants' infringement of the '644 Patent, including, without limitation, lost profits caused by Defendants' infringing activities and/or a reasonable royalty for the infringement, and that the damages so ascertained be trebled pursuant to 35 U.S.C. § 284 and awarded together with interests and costs;

d. An injunction be issued, restraining and enjoining Defendants and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in privity or in concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of products infringing the '644 Patent;

e. Judgment be entered that this is an exceptional case, and that Varidesk is entitled to its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285;

f. Judgment be entered that Defendants have infringed the "CubeCorner" mark;

g. An injunction be issued permanently enjoining and restraining Defendants, and its respective affiliates, subsidiaries, parents, officers, directors, agents, servants, attorneys, employees, assigns, distributors, retailers, and wholesalers, and all persons in active concert or participation with either of them from, anywhere in the United States:

    a. Using the term "Cube Corner" as a mark in connection with any marketing, advertisement, promotion, offer to sell, or sale of any furniture products;

    b. Imitating, copying, or making unauthorized use of Varidesk's "CubeCorner" mark, including the mark as all or part of any trademark or service mark, or as a trade name or business name;

    c. Selling, offering for sale, advertising, marketing, promoting, or displaying any product or service bearing any unauthorized reproduction, copy, or colorable imitation of Varidesk's "CubeCorner" mark;

    d. Engaging in any other activity that is intended to, or has the effect of, infringing Varidesk's rights in and to the "CubeCorner" mark, or that causes Defendant or any other person to unfairly compete with Varidesk in any way; and

    e. Forming or causing to be formed any corporation, partnership, association, or other entity for the purpose of engaging in any of the above activities, or for evading, avoiding, circumventing, or otherwise violating the prohibitions set forth above.

h. Judgment be entered that Defendants acted in bad faith, willfully, intentionally, and/or with reckless disregard to Varidesk's rights.

i. Judgment be entered requiring Defendants to account for and pay over to Varidesk all profits realized by its wrongful acts and directing that enhanced damages be awarded, since Defendants' actions were willful, and

j. The Court award such other and further relief as the Court may deem just and proper under the circumstances.

Dated: March 30, 2017                Respectfully submitted,

By: /s/ Michael Smith
Michael C. Smith
State Bar No. 18650410
Siebman, Burg, Phillips & Smith, LLP
113 E. Austin Street
Marshall, Texas 75670
(903)938-8900 office
(972)767-4620 fax
michaelsmith@siebman.com

Adam R. Hess
ARHess@venable.com
Andrew F. Pratt
AFPratt@venable.com
Martin L. Saad
MLSaad@venable.com
Calvin R. Nelson
CRNelson@venable.com
Tamatane J. Aga
TJAga@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20004
Telephone: (202) 344-4389
Facsimile: (202) 344-8300

Alper T. Ertas
ATErtas@venable.com
VENABLE LLP
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone: (415) 343-3214
Facsimile: (415) 653-3755
*Counsel for Plaintiff Varidesk LLC*