UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VARIDESK LLC, <br><br> Plaintiff, <br><br> v. <br><br> NINGBO LOCTEK VISUAL TECHNOLOGY CORPORATION, ZHEJIANG LOCTEK SMART DRIVE TECHNOLOGY CO., LTD., LOCTEK INC., ZOXOU, INC., VOVOMART (HK) ENTERPRISES CO., LIMITED, and FLEXISPOT, <br><br> Defendants. | No. 3:17-CV-0907-M |

## ORDER

Before the Court is the Unopposed Motion to Stay Varidesk LLC's Claims [ECF No. 7]. On March 30, 2017, Plaintiff filed a Complaint in this Court against Defendants, alleging infringement of U.S. Patent No. 9,554,644 (the "'644 patent") and U.S. Trademark No. 4,921,471. Compl. [ECF No. 1] ¶¶ 12–14. That same day, Plaintiff filed a complaint with the International Trade Commission ("ITC") under Section 337 of the Tariff Act of 1930, asserting that certain products manufactured abroad and imported by companies, including Defendants (other than Vovomart (HK) Enterprises Co., Ltd.), infringe various patents, including the '644 patent. *See Height-Adjustable Desk Platforms and Components Thereof*, No. ITC-337-TA-1054 (ITC Mar. 30, 2017). On May 4, 2017, the ITC published a notice in the Federal Register that it had instituted Investigation No. 337-TA-1054, Certain Height-Adjustable Desk Platforms and Components Thereof (the "ITC investigation"). 82 Fed. Reg. 20,919, 20,919 (May 4, 2017). On June 2, 2017, Defendants filed the Unopposed Motion to Stay.

1

Defendants seek to stay the case pursuant to 28 U.S.C. § 1659, which contains the following mandatory stay provision:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—(1) 30 days after the party is named as a respondent in the proceeding before the Commission, or(2) 30 days after the district court action is filed[.]

"The purpose of § 1659(a) [is] to prevent infringement proceedings from occurring 'in two forums at the same time.'" *In re Princo Corp.*, 486 F.3d 1365, 1368 (Fed. Cir. 2007)

This action and the ITC investigation involve the same parties, with the exception of Vovomart (HK) Enterprises Co., Ltd., who is named as a Defendant in this case but is not included in the ITC investigation.  Both this case and the ITC investigation involve allegations about the '644 patent.  Although this action was filed on March 30, 2017, Defendants' June 2, 2017, Motion to Stay was brought within thirty days after the ITC named Defendants as respondents in the Federal Register notice on May 4, 2017, and the subject request is thus timely. *See Pathway Innovations & Techs., Inc. v. Adesso, Inc.*, No. 15-cv-1538, 2015 WL 12434324, at *2 (S.D. Cal. Oct. 23, 2015) (finding a motion to stay timely when it was brought by defendant within thirty days after being named as a respondent in notice of institution of investigation filed in the Federal Register).

Accordingly, the Motion to Stay is **GRANTED**.  Plaintiff's claims in this case are stayed until the investigation currently pending before the ITC is resolved.  The parties are ordered to notify the Court in writing within fourteen days of the ITC's final decision in the ITC investigation.  At that time, the parties may seek relief from, or an extension of, this stay.

2

**SO ORDERED.**

June 8, 2017.

BARBARA M. G. LYNN
CHIEF JUDGE